# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHINEHAS LAMONT PARKER,<br><br>Plaintiff,<br><br>v.<br><br>GOOLD, et al.,<br><br>Defendants. | Case No. 1:14-cv-00782-LJO-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 1)**<br><br>**AMENDED COMPLAINT DUE IN THIRTY DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on May 22, 2014 pursuant to 42 U.S.C. § 1983.

The Complaint is before the Court for screening.

## I.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon

1

which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

## III. THE COMPLAINT

Plaintiff names as Defendants (1) Stanislaus County District Attorney Goold, (2)

2

Stanislaus District Attorney Investigator Bill Andrews, (3) Stanislaus County Board of Supervisors, (4) Modesto County Board of Supervisors.

Plaintiff's allegations can be summarized as follows:

In October 1998, Defendant Andrews searched the residence of Plaintiff's girlfriend, Ms. Hurtado, or Plaintiff's jail cell, without a warrant. Andrews read and copied legal documents meant for Plaintiff's attorney in a then-pending criminal matter being prosecuted by Defendant Goold. At a subsequent trial court hearing to dismiss charges, Goold allowed Andrews to give false testimony relating to the search. The trial judge then erroneously denied the motion to dismiss charges.

Plaintiff seeks monetary damages.

## IV.   THE COMPLAINT FAILS TO STATE A CLAIM

### A.   Statute of Limitations

According to the Complaint, Defendants allegedly wrongful actions occurred in October 1998. The Complaint was not filed until May 22, 2014.

Federal law determines when a claim accrues, and under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008), quoting *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. *Lukovsky*, 535 F.3d at 1048; *Jones v. Blanas*, 393 F.3d 918, 927 (2004). The same is true with regard to § 1983 claims alleging violation of the U.S. Constitution. *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) ("The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in

which the cause of action arose."). California's statute of limitations for personal injury actions requires that the claim be filed within 2 years. Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927. Pursuant to the California Code of Civil Procedure § 352.1, a two-year limit on tolling exists with regard to prisoners, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Civ. Proc. Code § 352.1(a). Thus, incarcerated plaintiffs have four years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while plaintiff was incarcerated. Defendants' alleged wrongful acts occurred in 1998.

Given Plaintiff's allegations, this action is untimely and should be dismissed on that ground. California's equitable tolling doctrine, which focuses on excusable delay by a plaintiff, *Lukovsky*, 535 F.3d at 1051, may apply in proper circumstances, see *Wallace v. Kato*, 549 U.S. 384, 394 (2007), to the extent not inconsistent with federal law. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002). However, Plaintiff has set forth no facts suggesting his delay was excusable. Leave to amend will be granted. If there is a basis to seek tolling of the statute of limitations, Plaintiff may so state in an amended pleading if he chooses to file one.

In the event Plaintiff is able to amend and allege true facts overcoming the statute of limitations bar, the Court will analyze, below, his substantive allegations and their deficiencies.

**B.   County Defendants**

Plaintiff may not proceed against the County Defendants unless each had a deliberate policy, custom or practice which was the moving force behind a constitutional

4

violation. *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007), citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 694-695 (1978).

Regardless of what theory the plaintiff employs to establish municipal liability – policy, custom or failure to train – the plaintiff must establish an affirmative causal link between the municipal policy or practice and the alleged constitutional violation. See *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 391-92 (1989); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Oviatt v. Pearce*, 954 F.2d 1470, 1473-74 (9th Cir. 1992).

The Complaint does not allege facts demonstrating an express policy or widespread practice of inadequate training and supervision that caused a constitutional deprivation or Plaintiff's alleged injuries.

Plaintiff will be given leave to amend. Before filing an amended complaint, he should review the standard set forth above and determine whether he will be able to state a claim against Stanislaus and Modesto Counties. If he is unable to do so, he may nevertheless proceed to try to allege claims against specific individuals who violated his rights.

**C.     *Heck* Bar – Trial Court Proceedings**

If Plaintiff's due process and state law claims were allowed to proceed and succeed, they would implicate the validity of his conviction and sentence.

State prisoners cannot challenge the fact or duration of their confinement in a § 1983 action. Their sole remedy lies in habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction

compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–2; *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

If Plaintiff chooses to amend, he should explain how, if he were to obtain the relief requested in this action, his conviction and sentence could still stand.

**D.     Unreasonable Search**

Plaintiff claims that, while an apparent civil detainee under pending criminal charges, his girlfriend's residence, or his jail cell, was searched without a warrant and his legal documents reviewed and copied.[1] He claims this placed him at a disadvantage in his criminal proceeding.

      1.     Jail Cell

Plaintiff claims his jail cell may have been searched.

The Fourth Amendment right to be secure against unreasonable searches and seizures extends to those persons under civil confinement. *Hydrick v. Hunter,* 500 F.3d 978, 993 (9th Cir.2007), vacated on other grounds, 556 U.S. 1256 (2009). Civil detainees have "a diminished expectation of privacy after commitment to a custodial facility." *Bell v. Wolfish*, 441 U.S. 520, 557 (1979).

Here the allegations could in some circumstances suggest an unreasonable search. Some courts have concluded civil detainees do not have a reasonable

---

[1] Plaintiff should explain, in any amended pleading, his status, prisoner or pretrial detainee, at times relevant, and where the search(es) occurred.

expectation of privacy in their housing. *Pesci v. Budz*, 2012 WL 4856746, at *6 (M.D. Fla. Oct.12, 2012) (civil detainee did not have a reasonable expectation of privacy in his dormitory); but see *Hoch v. Tarkenton*, 2013 WL 1004847, at *2 (E.D. Cal. Mar.13, 2013) (finding cognizable Fourth Amendment claim arising from contraband search of civil detainee's hospital room where search unsupported by consent, warrant, probable cause, or reasonable suspicion).

Here Plaintiff's allegations lack the factual specificity necessary for the Court to analyze them under the above standard. It is unclear if a cell search even took place as Plaintiff alleges an alternative search may have produced the information allegedly used against him; if a search took place, whether jail staff provided a reason for the search; whether jail staff conducted the search; whether Plaintiff consented to the search; and whether Plaintiff grieved the search and if so the result. See e.g., *Samson v. California*, 547 U.S. 843, 848 (2006) ("Whether a search is reasonable is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests."). [A] search or seizure that is arbitrary, retaliatory, or clearly exceeds the legitimate purpose of detention" violates the Fourth Amendment. *Hydrick,* 500 F.3d at 993.

2. Residence

Plaintiff's claims the residence of his girlfriend, Ms. Hurtado, may have been searched.

As noted, the Fourth Amendment prohibits only unreasonable searches. *Bell*, 441 U.S. at 558; *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011); *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness

7

of a search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. *Bell*, 441 U.S. at 558–59. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Bell*, 441 U.S. at 559; *Byrd*, 629 F.3d at 1141.

Here also, Plaintiff's allegations lack sufficient factual specificity. Plaintiff does not explain how and why he might have standing to assert a privacy right in his girlfriend's home, whether and why the search took place, and whether any such search was pursuant to consent, warrant, probable cause, reasonable suspicion, or a probation search.[2]

If Plaintiff chooses to amend this claim, he should allege facts sufficient to show an unreasonable search under the above standard.

## V.   CONCLUSIONS AND ORDER

Plaintiff's Complaint appears to have been filed beyond the applicable limitations period and appears *Heck* barred and fails to state any cognizable civil rights claim.

The Court will provide Plaintiff with an opportunity to file an amended complaint that cures noted deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did or did not do that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated

---

[2] The materials attached to the pleading indicate Ms. Hurtado was on felony probation at the time which commonly carries with it a consent to such searches.

claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed May 22, 2014,

2. Plaintiff's Complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, the undersigned will recommend the action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v, Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   October 24, 2014           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

9