UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHINEHAS LAMONT PARKER,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT ATTORNEY GOOLD, et al.,<br><br>Defendants | CASE NO. 1:14-cv-0782-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 8)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 4 & 8.)

Plaintiff's complaint (ECF No. 1) was dismissed for failure to state a claim, but he was given leave to amend (ECF No. 7). Plaintiff's first amended complaint (ECF No. 8) is before the Court for screening.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff names as Defendants (1) Stanislaus County District Attorney Goold, (2) Lead Investigator Bill Andrews,[1] and (3) Stanislaus County Board of Supervisors.

---

[1] Plaintiff variously alleges that Defendant Andrews is employed by the District Attorney, the Stanislaus County Board of Supervisors, and the California Department of Corrections and Rehabilitation.

Plaintiff's allegations can be summarized as follows:

In October 1998, Defendant Goold sent Defendant Andrews to search Plaintiff's residence (apparently shared with his girlfriend) and his cell at the Stanislaus County Jail for evidence to rebut Plaintiff's claim of innocence in a murder investigation. Defendant Andrews conducted warrantless searches, retrieved documents from Plaintiff's jail cell and from Plaintiff's girlfriend as she left the courthouse, and read and copied legal documents intended for Plaintiff's attorney detailing inconsistencies in the prosecution's case against him. Defendant Andrews provided these documents to Defendant Goold.

Officials at the jail informed Plaintiff that Defendant Andrews had made copies of his materials, Plaintiff contacted his attorney, and his attorney contacted Defendant Goold. Plaintiff's attorney also sought to dismiss the charges or recuse Defendant Goold from the case. A hearing was held in November 1998. The trial judge apparently credited Defendant Goold's testimony that he had not read the documents at issue or discussed them with Defendant Andrews. The trial court denied Plaintiff's motion to dismiss and to recuse. Plaintiff contends that this ruling was erroneous.

Plaintiff argues that this conduct violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

Plaintiff seeks a declaration that his rights were violated, monetary damages, and a judgment that his conviction was based on evidence that was the fruit of the poisonous tree.

## IV.   ANALYSIS

The conduct alleged by Plaintiff occurred in October and November 1998. This action was initiated on May 22, 2014, more than fifteen years later. (ECF No. 1.)

Federal law determines when a claim accrues, and under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Lukovsky v. City and Cnty. of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 926 (9th Cir. 2004)).

Here, Plaintiff knew of the injury which is the basis for the action no later than November 1998.

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (2004) (citing Fink v. Shedler, 192 F.3d 911, 914 (9th Cir.1999)). Although California's statute of limitations for personal injury actions was extended from one year to two years effective January 1, 2003, the two-year statute of limitations does not apply retroactively to claims that accrued prior to January 1, 2003, and as a result, the one-year statute of limitations applies in this case. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction enjoy a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1(a). Thus, Plaintiff had no more than three years from the date the cause of action accrued in which to file suit, if the cause of action accrued while plaintiff was incarcerated. Plaintiff filed this action fifteen years after it accrued.

California's equitable tolling doctrine, which focuses on excusable delay by a plaintiff, may apply in proper circumstances. Lukovsky, 535 F.3d at 1051. However, Plaintiff has set forth no facts suggesting his delay in bringing this action was excusable. See id.

Given Plaintiff's allegations, this action is untimely and should be dismissed on that ground.[2] Plaintiff previously was advised of these deficiencies but failed to cure them in his amended pleading. This failure is reasonably construed as reflecting his inability to do so. Further leave to amend would be futile and should be denied.

---

[2] The Court's prior screening order also addressed multiple substantive deficiencies in Plaintiff's pleading. Those remain. However, given the patent statute of limitations bar to his proceeding, no useful purpose would be served in also addressing those substantive shortcomings here.

## V. CONCLUSION AND RECOMMENDATION

Plaintiff's first amended complaint is barred by the statute of limitations. He previously was advised of this deficiency and afforded the opportunity to correct it. He failed to do so. Any further leave to amend reasonably appears futile and should be denied.

The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   January 29, 2015              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

5